**Rosalina OCHOA–FARIAS, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73961.

Agency No. A75–593–228.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.*

Decided April 23, 2004.

Rosalina Ochoa–Farias, Fontana, CA, pro se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Margaret Perry, Anh–Thu P. Mai, Jennifer L. Lightbody, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before B. FLETCHER, WARDLAW, and CLIFTON, Circuit Judges.

MEMORANDUM**

Rosalina Ochoa–Farias, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of her request for cancellation of removal because she failed to show ten years of continuous physical presence. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see Vera–Villegas v. Ashcroft,* 330 F.3d 1222, 1230 (9th Cir. 2003), and we grant the petition for review.

Ochoa's contention that the BIA's streamlining procedures violate due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir. 2003).

Ochoa's contention that the Nicaraguan Adjustment and Central American Relief Act violates equal protection is foreclosed by *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 602 (9th Cir.2002).

Although the IJ found that Ochoa's evidence established the elements of good moral character and extremely unusual hardship to her United States citizen child, the IJ denied Ochoa's application for cancellation of removal after finding that Ochoa did not testify credibly about her ten years of continuous physical presence in the United States. Substantial evidence, however, does not support the IJ's adverse credibility determination because it was impermissibly based on conjecture and on minor inconsistencies that did not relate to the date Ochoa entered the United States or whether she resided continuously therein after entering. *Cf. Bandari v. INS,* 227 F.3d 1160, 1166–67 (9th Cir. 2000). Substantial credible evidence supports continuous residence of ten years.

**PETITION FOR REVIEW GRANTED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.